UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTOPHER J. WOOD,

    Petitioner,

v.                                      CASE NO. 6:14-cv-1072-Orl-37KRS

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.

## ORDER

This case is before the Court on the following matters:

1.    Petitioner' Motion for Clarification (Doc. 23) is **GRANTED IN PART AND DENIED IN PART**. To the extent Petitioner is requesting clarification regarding whether the Court directs Respondents to supplement the appendix with documents from his appeal in the Fifth District Court of Appeal of Florida ("Fifth DCA") in case number 5D13-3126, the motion is granted.

Respondents assert that the instant petition is untimely. (Doc. 14). In support of their argument, they contend that Petitioner did not appeal the denial of his fifth Rule 3.850 motion. *Id*. at 18. If Petitioner did not appeal the denial of his fifth Rule 3.850 motion, then his petition is untimely under 28 U.S.C. § 2244 absent an exception.

In his Reply, Petitioner asserts that he appealed the denial of his fifth Rule 3.850 motion along with the denial of his motion for return of property and believed that the appeals were consolidated in case number 5D13-3126. (Doc. 19 at 4-9). Petitioner

maintains he filed a notice of appeal of the denial of his fifth Rule 3.850 motion with his notice of appeal of the denial of his motion for return of property, but he only filed a brief addressing the motion for return of property because his fifth Rule 3.850 motion was summarily denied so no brief was required.   *Id*.

Respondents filed an appendix containing Petitioner's appeal brief in case number 5D13-3126, which challenges only the denial of his motion for return of property. (Doc. 15-20 at 59-63).   The Fifth DCA affirmed *per curiam*.   (Doc. 15-20 at 76).    It is impossible for this Court to determine from the documents in the appendix whether Petitioner appealed the denial of his fifth Rule 3.850 motion.   In light of Petitioner's contention that he did so at the same time he appealed the denial of his motion for return of property, the Court concludes that it is necessary to review the entire record in case number 5D13-3126.   Accordingly, within <u>**THIRTY (30) DAYS** from the date of this Order, Respondents shall file the remainder of the record in case number 5D13-3126 and any other documents from the state court record needed to address Petitioner's arguments, including the trial transcript if warranted.   Respondents should also file a supplemental response addressing the arguments raised in his Reply</u>.   To the extent Petitioner requests anything further in the motion for clarification, the request is denied.

2.   Petitioner's Request for Compulsory Judicial Notice (Doc. 24) is **DENIED**. Any documents not considered by the state court in underlying criminal proceeding will not be considered in the disposition of the petition.   *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) ("review under § 2254(d)(1) is limited to the record that was before the

2

state court that adjudicated the claim on the merits. . . .   It follows that the record under review is limited to the record in existence at that same time *i.e.*, the record before the state court.").

3.      Petitioner's Motion to Expand Record (Doc. 25) is **DENIED** without prejudice.  *See Cullen*, 131 S. Ct. at 1398.   In the event the Court determines that additional documents from the state court record are necessary to the disposition of the petition, an order will be entered directing the filing of those documents.

**DONE AND ORDERED** in Orlando, Florida, this 25th day of August, 2015.



ROY B. DALTON JR.
United States District Judge

Copies to:
Christopher J. Wood
Counsel of Record